Per Curiam:,
 

 on petition for rehearing. The first cause assigned in the defendant’s petition for a rehearing of this case is in effect this: that the judgments of a sister State, when brought into this State, are conclusive, except there has been fraud in obtaining the judgment, or surprise on the party against whom it has been obtained. As regards the weight to which the judgment of a sister State is entitled, I have, upon hearing of this cause, given my opinion at length ; which is, in short, that they are not entitled to more
 
 *258
 
 or less credit than the judgments rendered in our courts. Then, if in our own courts a judgment be obtained against a person whose defense was plain and legal, and there be no fraud or surprise, a court of equity should not interfere with the judgment. .1 still entertain the same opinion which 1 delivered on the hearing of this cause, on this part of the case; that according to the facts of this case, the defense of Winchester was not a plain legal defense, and that he was surprised by the death of Allison and loss of his papers, which would have been important to him in his defense; that he calculated ordinarily when he calulated on the production of Allison’s papers on the trial; and that, being disappointed in this reasonable calculation by accident, he was surprised, and ought not to be prejudiced.
 

 *But the counsel for the defendants say, that the plaintiff might have procured all the evidence on the trial in Philadelphia which he has produced to this court. Here I would remark that the plaintiff had good reason to believe he had enough of testimony at Philadelphia, and therefore there was no reason for his trying to procure more. And moreover, if he had, could he then have obtained the same testimony which has been offered to this court? I think not. Jackson’s answer is certainly very important testimony for the complainant, and could not at that time have been in his power. Nor does it appear to me that any testimony which the complainant has now produced, was at the time of the trial in Philadelphia known to the complainant. Nor had the complainant, calculating as men ordinarily and reasonably would, any inducement to inquire for any testimony except what he presumed he might, have procured from the papers of Allison. So that I am yet of the opinion that the complainant was surprised on the trial of the cause in Philadelphia by the death of Allison and loss of his papers, and this court have jurisdiction on that ground. There are many other .causes assigned for a rehearing ; but the one principally relied on is, that this court have no jurisdiction over the judgment of a sister State when there is' no suit brought on said judgment in this State. Much ingenious reasoning has been employed on this part of the case. But I am as yet unable to perceive how the circumstance of bringing suit on such judgment in the courts of this State, for the purpose of enforcing it, would give this
 
 *259
 
 court jurisdiction, if it did not possess it in the first instance. The delicacy of the cause consists in the courts of one State inquiring into the judgments of another. If, then, the courts of this State •would be authorized to inquire into the judgments of the courts of Pennsylvania, if those judgments were attempted to be enforced in this State, without any violation of the foregoing rule, it * occurs to me that they would be equally authorized to do so when the parties claiming an interest under such judgment lived within the jurisdiction of this court. But it is said that there is no precedent of a bill like the present being filed against a judgment. I have in the opinion heretofore delivered, remarked this much; but do not think myself estopped from acting in the absence of precedents, if I can act according to principle. The principle I conceive to be this : that where there is a legal liability against a person living within the jurisdiction of the court, from which such person in equity and good conscience ought to be relieved, and the process of this court can reach the parties, there this court ought to relieve against such liability upon the same principles that they do so in the case of private writings. The counsel for the defendants have cited several cases from Com. Dig. ch. 7, p. 544, for the purpose of proving that this court' cannot relieve against the judgment of a sister State, when there is no attempt to enforce such judgment in the courts of this State. The cases cited prove, that where there has been a case decided in those courts in Great Britain which have the peculiar privilege of trying all causes arising within their jurisdiction, exclusive of the powers of all other courts, that if a person should consider himself injured by the decision of such court, he cannot file a bill in chancery in the courts of general jurisdiction to be relieved from the judgment of those courts of special exclusive jurisdiction ; for if such construction were given, the exclusiveness of those courts would be destroyed, and all their judgments be ultimately examinable in the courts of general jurisdiction. This is all that those cases prove. If, then, this court, as I think, is to view the judgment of Pennsylvania as a judgment of their own courts, the foregoing authorities cannot apply ; and indeed, they cannot apply here; for if they prove anything, they prove that the judgment of another State, however fraudulently * obtained, and however unjust, is
 
 *260
 
 conclusive. To which doctrine I am not willing to subscribe. It seems in the same book before recited, p. 543, that chancery will give relief, though the subject matter of the dispute lies without the jurisdiction of the court, if the parties live within their jurisdiction.
 

 See note to preceding case.